**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ETHEL ETOKE AIYUK,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-1919

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-723-671)

Submitted: January 30, 1998

Decided: March 6, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bokwe G. Mofor, IMMIGRATION ASSISTANCE CENTER, INC.,
Silver Spring, Maryland, for Petitioner. Mark C. Walters, Assistant
Director, Loreto S. Geisse, Office of Immigration Litigation, Civil
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ethel Etoke Aiyuk petitions for review of a final order of the Board of Immigration Appeals ("the Board") denying her application for asylum and withholding of deportation. We affirm. Our review of the Board's decision is "narrow, not broad." See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). A decision must be upheld if it is supported by substantial evidence. We may reverse the Board only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Aiyuk challenges the Immigration Judge's ("IJ") finding that she was not credible based upon inconsistencies between her testimony and the information she supplied in her application for asylum. An IJ's credibility determination is granted substantial deference and is reviewed under a substantial evidence standard. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (stating that an IJ who rejects a witness' positive testimony based on a lack of credibility should offer specific reasons for disbelief).

In Aiyuk's case, the IJ offered several concrete examples of inconsistencies between her testimony and her asylum application which led to his conclusion that her testimony was not credible. Aiyuk contends that the inconsistencies were not material. However, her request for asylum is primarily based on those items not mentioned in her application; specifically, her membership in an opposition party and her alleged arrest and torture. Nor do we find that Aiyuk established entitlement to asylum based upon her father's membership in an opposition party and one isolated incident of violence against him. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). Neither did Aiyuk show that persons similarly situated to her were being persecuted for their political beliefs. See 8 C.F.R.

2

§ 208.13(b)(2) (1997). Nor do we find that the Board improperly relied on the United States Department of State's report concerning the political situation in Cameroon. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir. 1995).

Accordingly, we affirm the Board's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3